IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    **vs.**                                    **Criminal Action 2:19-cr-200**
                                                     **CHIEF JUDGE MARBLEY**

**JAMES E. TEAGUE**

## REPORT AND RECOMMENDATION

The United States of America and defendant James E. Teague entered into a plea agreement that was executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and which incorporates a pretrial diversion agreement.[1] Under the *Plea Agreement*, defendant agreed to enter a plea of guilty to an *Information* charging him with one count of transmission of a threat in interstate commerce, in violation of 18 U.S.C. § 875(c). *Information,* ECF No. 4.[2] On October 9, 2019, defendant, accompanied by his counsel, appeared for an initial appearance, arraignment, and entry of guilty plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed). Defendant also waived his right to an

---

[1] In the *Pretrial Diversion Agreement*, ECF No. 6 ("PDA"), the parties agree that further prosecution of the action, including action on defendant's proffered guilty plea, will be deferred for a period not to exceed 18 months. Should defendant comply with the terms of the PDA, the prosecution will then be dismissed. Should defendant not comply with his obligations under the PDA, however, the parties agree that the prosecution, including acceptance of defendant's guilty plea, will proceed and the matter will be set for sentencing.

[2] The *Plea Agreement*, ECF No. 5, which incorporates the PDA, also includes an appellate waiver provision that preserves only certain claims for appeal.

indictment in open court and after being advised of the nature of the charge and of his rights. See Fed. R. Crim P. 7(b).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observation of the undersigned, defendant understands the nature and meaning of the charge in the *Information* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on September 16, 2019, represents the only promises made by anyone regarding the charge in the *Information*. Defendant was advised that – should the prosecution proceed - the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 1 of the *Information* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that action on defendant's proffered guilty plea to Count 1 of the *Information* be **DEFERRED** during the pendency of the parties' *Pretrial Diversion Agreement*.

It is **FURTHER RECOMMENDED** that, should defendant not fulfill his obligations under the *Pretrial Diversion Agreement*, his proffered guilty plea be accepted.

Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 9, 2019                            *s/ Norah McCann King*
Date                                         Norah McCann King
                                                United States Magistrate Judge